# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **JEREMIAH YOUNG,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 05-2210 |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## OPINION

On September 21, 2005, Petitioner Jeremiah Young filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1).  The United States of America submitted a Response (#5) on December 9, 2005, and Petitioner filed a Reply (#7) on January 9, 2006.  For the following reasons, Petitioner's motion is DENIED.

## BACKGROUND

On July 30, 2003, Petitioner was charged by indictment with possession of over 50 grams of cocaine base ("crack") with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  On March 3, 2004, Petitioner entered an open plea of guilty to the charge.  On February 4, 2005, this Court sentenced Petitioner to a term of one hundred twenty one months' imprisonment.  Petitioner did not file an appeal.  On September 21, 2005, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Petitioner asserts habeas relief should be granted because his attorney did not discuss the possibility of an appeal with him.

## ANALYSIS

28 U.S.C. § 2255 provides habeas relief if the court finds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  The Seventh Circuit has stated, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." Prewitt v. U.S., 83 F.3d 812, 816 (7th Cir. 1996).

Petitioner asserts that his § 2255 motion should be granted due to ineffective assistance of counsel.  Specifically, Petitioner argues his counsel failed to discuss with him the possibility of an appeal in his case.  The standard for judging attorney conduct under claims of ineffective assistance of counsel is clear; Petitioner must show that counsel's representation fell below an objective standard of reasonableness and that his counsel's poor performance prejudiced the outcome of the proceedings.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

In the context of failure to file a notice of appeal, the first inquiry in evaluating an ineffective assistance of counsel claim is whether the attorney disregarded his client's wishes in filing the notice.  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  If the client instructed his attorney to file a notice of appeal and the attorney failed to do so, both prongs of the Strickland test are satisfied and the client is entitled to a fresh appeal. Roe, 528 U.S. at 477.  Petitioner makes no such allegation here.  Instead, Petitioner asserts his counsel failed to discuss the possibility with him.  In this situation, where a client neither instructs his attorney to file an appeal nor asks that an appeal not be taken, the question becomes whether counsel consulted with Petitioner regarding "the advantages and disadvantages of taking an appeal" and made a "reasonable effort to discover the [Petitioner's] wishes." Roe, 528 U.S. at 478.  In the instant case, this court will consider for purposes of

Petitioner's motion that his counsel did not consult with him regarding whether a notice of appeal should be filed.

This court therefore turns to the issue of whether counsel's alleged failure to discuss an appeal with Petitioner constitutes deficient performance under Strickland. The Supreme Court in Roe set forth the following guidelines to consider in determining whether a failure to consult regarding the filing of a notice of appeal establishes deficient performance:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal where there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all of the information counsel knew or should have known. (Citation omitted.) Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal. Roe, 528 U.S. at 480.

In the instant case, Petitioner received a sentence one month longer than the statutory mandatory minimum and less than the applicable advisory sentencing guideline range. Furthermore, Petitioner pleaded guilty rather than pursuing a jury trial. Therefore, this court concludes there is no basis to find a reasonable defendant would want to appeal.

Petitioner nevertheless asserts that he is able to establish deficient performance by his counsel because Petitioner demonstrated an interest in appealing by not signing a plea agreement. Petitioner asserts this refusal was based upon his desire not to waive his appeal rights. Petitioner indicates in his Reply that this demonstrates he "implied an interest in appealing his sentence." This court finds that this "implication" is not sufficient to demonstrate an interest in appeal in the circumstances presented in the instant case, where Petitioner pleaded guilty and nearly received the statutory minimum sentence. Accordingly, Petitioner has failed to establish deficient performance by his counsel pursuant to Strickland.

If Petitioner were able to establish deficient performance by his counsel, he must still demonstrate prejudice by showing "there is a reasonable probability that, but for counsel's deficient failure to consult with [Petitioner] about an appeal, [Petitioner] would have timely appealed." Roe, 528 U.S. at 484. Petitioner need not indicate which arguments he would raise in his appeal if his right is reinstated, but evidence that there are nonfrivolous grounds for an appeal or that Petitioner promptly expressed a desire to appeal "will often be highly relevant" in assessing whether Petitioner would have appealed had his counsel properly advised him concerning his appeal rights. Roe, 528 U.S. at 485. As discussed above, this court can find no nonfrivolous grounds for appeal, and Petitioner has asserted none. Neither has Petitioner indicated that he promptly expressed to his counsel a desire to appeal following his sentencing. This court also described in detail to Petitioner

at his sentencing the manner in which he could proceed to file a notice of appeal without the assistance of counsel. The fact that Petitioner did not file an appeal despite these admonitions is further probative of the lack of prejudice to Petitioner even if his counsel performed deficiently in failing to discuss with him the possibility of appeal. Accordingly, this court finds Petitioner is not entitled to habeas relief.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Stay Transfer of Custody Pending Habeas Corpus Review (#8) is denied as MOOT.

(2) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is DENIED.

(3) This case is terminated.

ENTERED this 6th day of October, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE